

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondant, ) <br> ) <br> v. ) <br> ) <br> VERN THOMAS, ) <br> ) <br> Defendant-Movant. ) <br> ) | Case No. 03 C 6829 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Vern Thomas moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, raising seven claims attacking the performance of his counsel at trial, at sentencing, and on appeal. None of Thomas's arguments has merit and his motion is DENIED.

Thomas was charged in a three-count indictment with conspiracy to possess with intent to distribute cocaine, attempt to possess with intent to distribute cocaine, and possessing a firearm in furtherance of a drug trafficking crime. Following a bench trial, this Court found Thomas guilty on all three charges, but later vacated its finding of guilty on the third count (possession of a firearm in furtherance of a drug trafficking crime). The Court sentenced Thomas to 102 months' imprisonment on each of the first two counts, to run concurrently. The United States Court of Appeals for the Seventh Circuit affirmed Thomas's conviction and sentence. *United States v. Thomas*, 294 F.3d 899 (7th Cir. 2002). The Court assumes familiarity with the facts set forth therein and presents only those facts necessary for disposition of this motion.

Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Prewitt v. United Staes*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). To succeed on a § 2255 petition a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. *Id.* Thus, Thomas must establish that his claims of ineffective assistance of counsel meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1994). To meet this standard, Thomas must establish not only that his lawyer furnished objectively deficient assistance—a quality so low that he was not acting as the "counsel" required by the Sixth Amendment—but also that this shortcoming caused prejudice such that there is a fair probability that but for counsel's deficient assistance the result of the proceedings would have been different. *Id.*; *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000).

Many of Thomas's claims lack even bare details. Section 2255 motions must state the facts supporting each ground for relief. Rule 2(b) of the Rules Governing Section 2255 Proceedings For The United States District Courts ("Sec. 2255 R."). The government points out the deficiencies in Thomas's motion, and in reply, Thomas adds detail to (and seeks to amend without first asking for leave) some of his alleged grounds for relief.[1] Some grounds, however, Thomas abandons

---

[1] To the extent that Thomas uses his reply brief to flesh out the facts supporting grounds for relief identified in his motion, the Court will consider it to relate back to his initial motion. *See Mayle v. Felix*, — U.S. —, 125 S.Ct 2562 (June 23, 2005). The Court will not, however, grant Thomas leave to file an amended motion or to raise claims that were not raised in his initial motion. Consequently, the Court has not (and could not have) considered Thomas's supplemental briefs on the applicability of *Blakeley v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed. 2d 403 (2004), and instead identifies them as an attempt to bring a second or successive motion without first obtaining leave from the Seventh Circuit.

2

completely. For example, Thomas alleges in his motion that his counsel failed to present exculpatory evidence and also failed to object to the unlawful admission of evidence during the trial process. But Thomas never identifies precisely what exculpatory evidence counsel should have presented or what admitted evidence was objectionable. Thomas also alleges that counsel should have provided supporting authority for his Fed. R. Crim. P. 29 motion. But, again, Thomas never identifies any authority that would have convinced the Court that the evidence against him was insufficient. Thomas alleges that counsel should have objected to "false and unreliable" evidence used to determine his sentencing range and also failed to present available evidence material to his sentencing, without identifying what evidence was false and unreliable or what evidence counsel should have presented. Thomas alleges that on appeal counsel failed to press his "strongest issues," but never specifies (even in his reply brief) what issues counsel should have pursued on appeal. Thomas has failed to develop any of these claims, and his bare assertions that his constitutional rights were violated are insufficient to meet the pleading requirements for *habeas corpus* motions. Further, Thomas's failure to develop these claims in his reply (and in his amended motion) suggests that he has abandoned them.

Thomas uses his reply brief to develop three claims that counsel was ineffective during the sentencing process, none of which have any merit.[2] Thomas first argues that counsel was ineffective in failing to present the testimony of his brother regarding the gun that police found in the secret compartment of their car. Thomas argues that had counsel presented this testimony, he would have been eligible for the a reduction in offense level pursuant to the "safety valve" provision of the

---

[2] Thomas also makes an argument that because of the cumulative effect of counsel's errors, he was denied effective assistance of counsel. Because the court finds no error, Thomas's cumulative effect argument is without merit.

Sentencing Guidelines.[3] At sentencing, however, the Court noted that the gun was found in a hidden compartment in the car where the $20,000 Thomas had intended to use to purchase the drugs was found. Further, the $20,000 was stashed in the secret compartment sometime between the time Thomas realized the transaction was a set-up and the time Thomas and his brother were apprehended (for Thomas had shown another co-conspirator the money, which had been on the seat next him). The "proximity of the weapon to drug proceeds provides a sufficient nexus to conclude that it was not clearly improbable that the gun was connected with the offense." *United States v. Johnson*, 227 F.3d 807, 814 (7th Cir. 2000 (internal quotations omitted). Possession need not be actual or exclusive, but may instead be constructive and joint. *United States v. Morris*, 349 F.3d 1009, 1014 (7th Cir. 2003). "[T]he power and the intention at a given time to exercise dominion and control over the firearm, either directly or through others," constitutes constructive possession. *United States v. Thomas*, 321 F.3d 627, 636 (7th Cir.2003). Here, Thomas had $20,000, with which he intended to purchase the drugs, in his possession at the outset of the crime and police found this $20,000 in the same compartment where they found the gun and the equipment to weigh and package drugs. The proximity of the money, which Thomas had in his possession, to the gun is more than sufficient to demonstrate that Thomas had constructive possession over the gun for the purposes of § 5C1.2 — even had his attorney presented the testimony of his brother. Consequently, Thomas cannot show that he was prejudiced by any failure of counsel to call his brother to testify.

---

[3] The Seventh Circuit has not yet determined whether a co-conspirator's possession of a firearm is a basis for determining possession of a firearm under § 5C1.2, but has noted that a majority of circuits reaching the issue have determined that it is not. *United States. v. Harris*, 230 F.3d 1054, 1058 (7th Cir. 2000); *see also Harris v. United States*, 366 F.3d 593, 597 (7th Cir. 2004).

Thomas next argues that counsel was ineffective in failing to move for a downward departure pursuant to U.S.S.G. § 5K2.20. But for conduct to qualify as "aberrant behavior," entitling a defendant to a downward departure, it must be "single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." This was not a sudden, spontaneous, unplanned offense. Thomas and one co-conspirator negotiated the intended drug purchase over several days, involving a serious of phone calls, and arranged to meet at a particular spot that later was moved when the co-conspirators spied police at their intended meeting point. Thomas simply was not eligible for a downward departure pursuant to U.S.S.G. § 5K2.20. *See United States v. Bradley*, 196 F.3d 762, 771 (7th Cir. 1999). Thus, his counsel was not ineffective for failing to argue that Thomas was entitled to such a departure.

Finally, Thomas argues that his attorney was ineffective in failing to argue that he was eligible for a downward departure, because he was the sole source of support for his elderly mother, pursuant to U.S.S.G. § 5K2.0. Ordinarily, family circumstances are not relevant in determining whether a departure may be warranted. U.S.S.G. § 5H1.6. The Seventh Circuit has noted that, where a defendant may rely on a supportive spouse or other relatives to look after his relatives, a case for a downward departure is unwarranted. *United States v. Jaderany*, 221 F.3d 989, 996 (7th Cir. 2000); *see also United States v. Wright*, 218 F.3d 812, 815 (7th Cir. 2000) (where care from other sources able to alleviate harm to child resulting from parent's incarceration, downward departure not warranted). In this case, the sentencing revealed that there was a more than ample supply of loved ones who could have cared for Thomas's mother. Thomas's brother—Irvin— was found not guilty, and nothing suggests that he would be unable to care for their mother. Even the prosecutor took time

5

from his argument to comment upon the extraordinary level of support and love shown to Thomas by his family, which included additional brothers, nieces, nephews, his father, and his wife (all of whom were in attendance at Thomas's sentencing), and, again, nothing suggests that any of these people were incapable of caring for Thomas's mother. This simply was not a case that falls outside the boundary of the guidelines' heartland, and no downward departure for extraordinary family circumstances was warranted, and consequently counsel did not render ineffective assistance for failing to argue that Thomas was entitled to such a departure.

Thomas's motion to vacate his sentence is DENIED.

IT IS SO ORDERED

_8/8/05_
Dated

_Wm. J. Hibbler_
The Honorable William J. Hibbler
United States District Court